**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4071**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GURBIR SINGH GREWAL, a/k/a Gavin,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00491-D-1)

_____

Submitted: February 17, 2022                    Decided: February 22, 2022

_____

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF**: Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gurbir Singh Grewal appeals his convictions and 180-month sentence imposed following his guilty plea to possession with intent to distribute marijuana and aiding and abetting, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(D), and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court properly calculated Grewal's advisory Sentencing Guidelines range. Grewal did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained in Grewal's plea agreement. For the following reasons, we affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Grewal has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Grewal does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that Grewal's guilty plea was knowing and voluntary and that the waiver is valid and enforceable. Grewal's challenge to the calculation of his advisory Guidelines range falls squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly,

2

we grant the Government's motion to dismiss Grewal's appeal of his sentence and affirm the remainder of the district court's judgment.

This court requires that counsel inform Grewal, in writing, of the right to petition the Supreme Court of the United States for further review. If Grewal requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grewal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*